RUDOLPHE BEAUCHESNE *vs.* RAYMOND L. SARGENT.

ALFRED BEAUCHESNE *vs.* RAYMOND L. SARGENT.

GEORGE OUELLETTE *vs.* RAYMOND L. SARGENT.

LEO N. CYR *vs.* RAYMOND L. SARGENT.

OVILA CYR *vs.* RAYMOND L. SARGENT.

Penobscot County. Decided November 6, 1940. These five actions, tried together, result from a collision in the village of Carmel on November 27, 1938, between a Chevrolet master sedan owned and operated by Leo N. Cyr, one of the plaintiffs, in which the other plaintiffs were riding, and a tractor truck trailer towing

a disabled tractor unit. The towing tractor, owned by the defendant, was operated by his agent. The fact of agency was admitted.

The jury rendered verdicts for all of the plaintiffs in amounts ranging from $500 to $8,000. The defendant presents general motions for new trials on the usual grounds.

Only questions of fact were in issue. The defendant frankly stated in his brief : "The only negligent act alleged is the relative position of the cars at the time of impact...." The claim of the plaintiffs was that the defendant's truck was driven "to the left across the center line of the road, and ran head on into the plaintiff's car," while it was proceeding with due care on its own side. This was stoutly denied by the defendant.

Thus was presented a factual issue, one peculiarly proper for settlement by the jury. See *Lerman* v. *O'Donnell*, 137 Me., 329, 16 A., 2d, 109. The testimony was conflicting. The jury had the benefit of seeing and hearing the witnesses on both sides and found for the plaintiffs. Careful study of the record convinces us that there was sufficient credible evidence to justify it in finding negligence upon the part of the defendant's agent and the exercise of due care by all of the plaintiffs. On liability the verdicts are not so manifestly wrong as to warrant setting them aside.

The damages awarded, while in two of the cases somewhat generous, are not in any action "so clearly excessive" as to warrant the granting of the motions. In those in which the larger verdicts were rendered, the evidence discloses that the plaintiffs therein not only suffered very serious injuries (some were permanent) but were put to large expenditures on account of medical services and hospitalization, besides sustaining heavy losses in earnings.

Nothing in the record tends to indicate that the jury, in determining liability and damages, was improperly influenced. Its verdicts should stand as rendered. All motions overruled. *James M. Gillin, Bourgeois & Bourgeois*, for plaintiffs. *William S. Cole*, for defendant.